The Attorney General has considered your opinion request wherein you ask the following question: "May a municipality enforce its penal ordinances, such as trespass and assault, against violators when the alleged violation occurs on state property within the corporate limits of the municipality?" Specifically, you note in your request that university officials at Central State have on occasion requested Campus Police to make arrests on university grounds (state property) for violations of Edmond Municipal Penal Ordinances. Title 11 O.S.A. 575 provides in its pertinent part: "Powers of police — The policemen of the city have power to arrest all offenders against the laws of the State, or of the city, by day or by night, in the same manner as the marshall. . ." In addition, campus police are created and governed by 74 O.S. 360.11 [74-360.11], 74 O.S. 360.12 [74-360.12] and 74 O.S. 360.13 [74-360.13] [74-360.13] (1971), respectively, which provide, in pertinent part: "The governing or controlling board of any State Institution of Higher Education . . . is hereby authorized to appoint necessary officers to be designated as campus police for the purpose of protecting all properties of such institutions wherever located in the State of Oklahoma. (The Board) — shall prescribe the duties for the officers appointed by them, — . Upon appointment, each such campus policeman shall be given a written commission evidencing his appointment and authority together with a detailed description of his person in order to properly identify his official capacities. Any campus policeman shall have all the powers vested by law in peace officers, except the serving or execution of civil process, in the protection and guarding of grounds, buildings, and equipment of the institution involved, and shall direct his attention to the prevention of improper conduct and trespassing on the property of such institutions and, if required, make arrests and take into custody persons guilty of improper conduct or trespassing." (Emphasis added) In Attorney General Opinion No. 70-198 (August 28, 1970), it was held that a campus policeman would not be precluded from properly enforcing city ordinances or state laws off campus as a private citizen or under another official capacity, but that the powers vested in a campus policeman as a peace officer are limited to the protection and guarding of grounds, buildings, and equipment of the institution involved. (Emphasis added) It is, therefore, apparent that the duties of campus police serving pursuant to 74 O.S. 360.11 [74-360.11], et seq. (1969) are officers of limited authority. See Attorney General Opinion No. 73-217 (January 27, 1975). However, 74 O.S. 360.11 [74-360.11] et seq. does not confer exclusive authority upon the campus police to prevent improper conduct or trespassing on state property located within the corporate boundaries. It has previously been held in Attorney General Opinion No. 71-351 (March 31, 1971) that under existing laws, city police officers, sheriffs and deputy sheriffs and the officers of the Department of Public Safety have the authority to go up on the campus of universities in the State of Oklahoma for the purpose of preserving the peace. It is, therefore, the opinion of the Attorney General that a municipality, through its commissioned police officers, may enforce its penal ordinances, such as trespass and assault, against violators when the alleged violation occurs on State property within the corporate limits of the municipality. (JANET L. COX) (ksg)